# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
### No. 09-304V
### Filed: February 25, 2013

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| SARA E. SOTOMAYOR, | * | |
| | * | |
| Petitioner, | * | Attorney Fees and Costs; |
| v. | * | Stipulation |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## DECISION ON ATTORNEY FEES AND COSTS[1]

**Vowell,** Special Master:

In this case under the National Vaccine Injury Compensation Program,[2] petitioner's counsel filed an application for attorney fees and costs ["Application"], a motion to defer a decision on his Application, and a motion to withdraw as counsel on March 1, 2012. On May 10, 2012, I issued an order deferring a decision on petitioner's Application. On the same day, I granted petitioner's counsel's motion to withdraw.

On November 9, 2012, I issued a decision dismissing petitioner's case based on her failure to prosecute. On February 19, 2013, respondent filed a status report regarding attorney fees and costs. Prior to this status report, petitioner had submitted an accounting of her attorney's hours and expenses and a statement pursuant to General Order #9 stating that she incurred no personal litigation costs. Respondent's status report, which amounts to a stipulation, indicates that after informal discussions

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] The applicable statutory provisions defining the program are found at 42 U.S.C. § 300aa-10 *et seq.* (2006).

concerning petitioner's former counsel's initial request, petitioner's former counsel requests an amended amount to which respondent does not object.[3]

I find that this petition was brought in good faith and that there existed a reasonable basis for the claim.  Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. §§ 300aa-15(b) and (e)(1).  Further, the proposed amount seems reasonable and appropriate.  **Accordingly, I hereby award the total $60,000.00[4] as follows:**

- **a lump sum in the form of a check payable jointly to petitioner, Sara E. Sotomayor, and petitioner's former counsel Maglio, Christopher, & Toale, P.A., for petitioner's attorney fees and costs.**

In the absence of a timely-filed motion for review filed pursuant to Appendix B of the Rules of the U.S. Court of Federal Claims, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

_____
**Denise K. Vowell**
Special Master

---

[3] This sentence has been revised from my decision on attorney fees and costs, issued February 21, 2013, and struck from the record on February 25, 2013, to reflect that the request for fees and costs was made by petitioner's former counsel, the real party in interest.

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).  Additionally, this amount is inclusive of an invoice from a second law firm that reviewed petitioner's case, Conway, Homer, and Chin-Caplan ["CHCC"].  Status Report Regarding Attorneys' Fees and Costs, filed Feb. 19, 2013, at ¶¶ 1 n.1;  2 n. 2.  Maglio, Christopher, & Toale have indicated their intent to "effect payment, as appropriate, to CHCC."  *Id.* at ¶ 2 n. 2.

According to respondent's February 19, 2013 status report, both respondent and petitioner's former counsel "made numerous attempts to contact petitioner to discuss [her former counsel's] revised request for fees, but petitioner has not responded."  *Id.* at ¶ 5.  Thus, "respondent is unaware of petitioner's position on the proposed unopposed reduced application of $60,000.00 for attorneys' fees and costs."  *Id.*

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  *See* Vaccine Rule 11(a).